F I L E D

SEP 07 2006

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

LARRY SCOTT DEMERAU and
JULIA EMILY DEMERAU,

    Debtors.
_____/

Case No. 6:05-bk-04057-ABB
Chapter 7

DAVID M. LINFERT, *et al.*,

    Plaintiffs.

vs.

LARRY SCOTT DEMERAU and
JULIA EMILY DEMERAU,

    Defendants.
_____/

Adv. Pro. No. 6:05-ap-00200-ABB

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Motion for Summary Judgment (Doc. No. 15) filed by Larry Scott Demerau ("Mr. Demerau") and Julia Emily Demerau ("Mrs. Demerau"), the Debtors and Defendants herein (collectively the "Debtors"), seeking dismissal of the Complaint (Doc. No. 1) filed by David M. Linfert, Inc., David M. Linfert f/b/o David M. Linfert Self-Directed IRA, Jill P. Linfert, Individually and f/b/o Jill P. Linfert Self-Directed IRA, all acting Individually and on behalf of Accent Partners I, L.L.L.P., the Plaintiffs herein (collectively, the "Plaintiffs").

An evidentiary hearing was held on March 15, 2006. The Plaintiffs were granted twenty-one days to file a supplemental brief if the Plaintiffs received a transcript of the March 15, 2006 hearing by March 26, 2006. The Plaintiffs received the transcript within

the ten-day period (Doc. No. 38). The Debtors were granted thirty-five days to submit a brief addressing the various case issues, including partnership issues. Mrs. Demerau was dismissed from the case, with the entry of a dismissal order to be delayed for seven days to provide the United States Trustee an opportunity to object to dismissal.[1] The UST has not objected to the dismissal of Mrs. Demerau. Mrs. Demerau is due to be dismissed from this case.

The parties filed various post-hearing briefs and supplements (*See* Doc. Nos. 39, 43, 49, 50, 54, 55). The core issue in this matter is whether the Plaintiffs had standing to institute this 11 U.S.C. § 727 adversary proceeding against the Debtors. The Debtors contend the Plaintiffs are not creditors and cannot challenge the granting of a discharge to the Debtors. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

### *Pre-Bankruptcy Events*

This adversary proceeding has its origins in state court litigation in Georgia. The parties had a business relationship in Georgia and when their relationship unraveled, litigation ensued in the Superior Court of Fulton County Georgia (the "Georgia Litigation"). The litigation was instituted by the filing of a Complaint (Civil Action File No. 2000-CV-27530) by David M. Linfert, Inc., David M. Linfert f/b/o David M. Linfert Self-Directed IRA, Jill P. Linfert (individually), and Jill P. Linfert f/b/o Jill P. Linfert Self-Directed IRA "all acting individually and on behalf of Accent Partners I, L.L.L.P."

---

[1] Doc. No. 38, p. 5, lines 12-23.

(collectively, the "Georgia Plaintiffs") against Mr. Demerau, a number of Mr. Demerau's business entities, and other persons and entities (collectively, the "Georgia Defendants").

Mr. Linfert and Mrs. Linfert asserted both individual claims and derivative claims of Accent Partners I, L.L.L.P. (the "Partnership") against the Georgia Defendants in the Georgia Litigation. Mr. Demerau did not challenge the Linferts' standing to pursue the claims they presented in the Georgia Litigation.

The parties entered into a Settlement Agreement and Release on or about May 25, 2001 ("Settlement Agreement I"). Settlement Agreement I does not include the Partnership in its listing of the parties to the agreement, but recites the parties were "acting on behalf of Accent Partners I, L.L.L.P." Settlement Agreement I is inconsistent with the Georgia Litigation pleadings and may contain a scrivener's error. The pleadings filed in the Georgia Litigation indicate the Georgia Plaintiffs were acting individually *and* on behalf of the Partnership. The Partnership did not execute Settlement Agreement I.

The parties agreed in Settlement Agreement I to resolve all disputes arising from Settlement Agreement I solely through arbitration conducted by the American Arbitration Association. "The decision of said panel members shall be deemed conclusive, final and binding upon the parties and non-appealable except as provided in the Federal Arbitration Act . . . ." Settlement Agreement I at ¶ 20. Mr. Demerau, individually and as a representative of certain other Georgia Defendants, executed Settlement Agreement I and its various accompanying documents.

The Georgia Defendants defaulted on the terms of Settlement Agreement I, which resulted in the entry of a Consent Judgment on or about January 25, 2002 in favor of the Georgia Plaintiffs and against the Georgia Defendants by the Georgia state court. Mr.

3

Demerau, individually and as a representative of certain other Georgia Defendants, executed the Consent Judgment. The Consent Judgment awards the Georgia Plaintiffs the principal amount of $1,252,580.77, plus attorneys' fees of $3,000.00 and costs. Post-judgment interest accrues on the Consent Judgment at the Georgia legal rate. The Georgia Plaintiffs filed the Consent Judgment in the Superior Court of Fulton County, Georgia and a Writ of Fieri Facias was issued.

A second Settlement Agreement was entered into on September 11, 2004 ("Settlement Agreement II") by David M. Linfert, Inc., David M. Linfert f/b/o David M. Linfert Self-Directed IRA, Mr. Demerau, and others. Mrs. Linfert was not a party to Settlement Agreement II and learned of it only after its execution. Settlement Agreement II set forth the manner in which the balance of the Consent Judgment was to be paid.

A dispute arose regarding the settlement agreements and the David Linfert Claimants and Mr. Demerau, plus various entities, engaged in arbitration.[2] The Award of Arbitrator was entered on October 27, 2004 ("Arbitration Award"). The arbitrator found Settlement Agreement I did not constitute a release and satisfaction of the Judgment by the David Linfert Claimaints.[3] The arbitrator awarded the David Linfert Claimaints, jointly and severally, and against the Respondents, $234,000.00, representing the balance due on the Judgment, plus $682,948.00 for breach of the stock repurchase agreement. The amounts awarded contain pre-judgment interest and post-judgment interest in the amount of 7% accrues on the awards. The Claimants were also awarded attorneys' fees

---

[2] Captioned as In the Matter of the Arbitration between David M. Linfert, Inc., David M. Linfert, individually, and f/b/o the David M. Linfert self directed IRA (Claimaints) and UCAP, Incorporated f/k/a Lahaina Acquisitions, Inc., The Accent Group, Inc., Accent Associates, LLC, Accent Real Estate Group, Inc., and L. Scott Demerau (Respondents). Re: 30 181 00100004.

[3] Arbitration Award at p. 2, ¶ 2.

4

and expenses. The arbitrator found real property known as Swiss Air Estates Lots 1, 4, and 13 had been fraudulently transferred.

Mr. Demerau participated in the arbitration and had a reasonable opportunity to present all claims, counterclaims, and issues to the arbitrator. The Arbitration Award "is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied." Arbitration Award at p. 3. The Arbitration Award is conclusive, final and binding upon the parties pursuant to the terms of Settlement Agreement I. This Court has no authority to go behind the Arbitration Award. Mr. Demerau is barred from attempting to amend, rescind, or otherwise alter the Arbitration Award.

The Consent Judgment is a final, non-appealable order entered by a state court. Mr. Demerau had reasonable opportunities in the Georgia Litigation to litigate any issues relating to the Linferts' Complaint, their standing, counterclaims, partnership issues, and any other relevant issues. This Court may not go behind the Consent Judgment and it must stand as written. If the Georgia state court erred in entering the Consent Judgment, if the arbitrator erred in entering the Arbitration Award, or if Mr. Demerau was dissatisfied with the Consent Judgment or the Arbitration Award, relief was available to him through appellate procedures.

### *Bankruptcy Case Events*

The Debtors filed a joint voluntary Chapter 7 petition on April 14, 2005 (the "Petition Date"). Unsecured claims totaling $11,338,218.30 and secured claims totaling $2,022,870.34 have been filed in the Debtor's case.

David Linfert and Jill Linfert, acting in various capacities, caused three claims (collectively, the "Claims") to be timely filed in the Debtors' bankruptcy case: (i) general unsecured Claim No. 1 filed by "David M. Linfert, Inc." for $259,700.20 based upon the Arbitration Award; (ii) general unsecured Claim No. 2 filed by "David M. Linfert, f/b/o David M. Linfert Self-Directed IRA" for $259,700.20 based upon the Arbitration Award; and (iii) Claim No. 3 filed by Jill P. Linfert, individually and f/b/o Jill P. Linfert Self-Directed IRA for $1,619,861.62, which claim is allegedly partially secured by collateral with a value of $1,019,861.62 by virtue of a Writ of Fieri Facias issued by the Georgia state court. Claim No. 3 is based upon the Consent Judgment. The Debtors have not filed objections to the Claims.

The Plaintiffs instituted this adversary proceeding against the Debtors seeking a denial of their discharge pursuant to § 727(a)(4) of the Bankruptcy Code. The Plaintiffs contend the Debtors made false statements regarding their financial interests in their schedules and at their § 341 meeting of creditors. Neither the Trustee nor the UST have sought denial of the Debtors' discharge. The Plaintiffs did not file any § 523 actions against the Debtors seeking nondischargeability of their claims.

The Debtors filed an answer and a counterclaim against the Plaintiffs (Doc. No. 12). They contend the Claims are not three separate claims, but are one partnership claim of the Partnership. They further contend Mr. Demerau has been released from the claim. The Debtors seek dismissal of the Complaint in their Summary Judgment Motion contending the Plaintiffs lack standing to bring a § 727 action because they are not creditors.

The Plaintiffs filed a Motion for Joinder (Doc. No. 44) seeking to join Accent Partners I, L.L.L.P. as a claimholder of the Claims. The Plaintiffs sought the joinder of Accent to cure defects in the Claims and "to satisfy any concern that Debtor may have that the Linfert Parties do not have the capacity as creditors to assert the Claims." Motion for Joinder at p. 2. An evidentiary hearing was heard on the Motion for Joinder on June 13, 2006 and the Motion was granted.

*Standing Analysis*

The Arbitration Award required the amounts awarded to be paid to the David Linfert Claimants within thirty days of October 27, 2004. The entry of the Arbitration Award created a debt owed by Mr. Demerau and the other respondents to the David Linfert Claimants. Mr. Demerau has not established the Arbitration Award was satisfied by him or any of the arbitration respondents as of the Petition Date. The debt was unsatisfied on the Petition Date.

Claim Nos. 1 and 2 arise from the Arbitration Award awarded to the David Linfert Claimants. These claimants each hold a separate right to payment from Mr. Demerau and the other arbitration respondents due to the joint and several nature of the Arbitration Award. David M. Linfert, Inc. filed Claim No. 1 seeking payment of the unsatisfied Arbitration Award. David M. Linfert, f/b/o David M. Linfert Self-Directed IRA filed Claim No. 2 seeking payment of the unsatisfied Arbitration Award.

Both David M. Linfert, Inc. and David M. Linfert, f/b/o David M. Linfert Self-Directed IRA held claims against Mr. Demerau which arose prior to the Petition Date. David M. Linfert, Inc. and David M. Linfert, f/b/o David M. Linfert Self-Directed IRA

are creditors of Mr. Demerau. David Linfert, Inc. and David M. Linfert, f/b/o David M. Linfert Self-Directed IRA had standing to institute this adversary proceeding.

Claim No. 3 arises from the Consent Judgment. The entry of the Consent Judgment created a debt owed by Mr. Demerau and the other defendants to Jill P. Linfert, individually and f/b/o the Jill P. Linfert Self-Directed IRA, and the other plaintiffs. Mr. Demerau has not established the Consent Judgment was satisfied by him or any of the defendants as of the Petition Date. The Consent Judgment debt was unsatisfied on the Petition Date.

Jill P. Linfert, both in her individual and IRA capacities, holds a claim against Mr. Demerau which arose prior to the Petition Date. She, in both capacities, is a creditor of Mr. Demerau. Jill P. Linfert individually and f/b/o the Jill P. Linfert Self-Directed IRA had standing to institute this adversary proceeding.

The Partnership, by virtue of the granting of the Motion for Joinder, is also a claimant in this bankruptcy case and had standing to institute this adversary proceeding.

No basis exists for dismissal of the Plaintiffs' Complaint. The Debtors are not entitled to an award of summary judgment.

## CONCLUSIONS OF LAW

Section 727 provides a debtor shall be granted a discharge unless one of the nine exceptions is met. Only the Chapter 7 trustee, the United States trustee, or "a creditor" may object to the granting of a discharge. 11 U.S.C. § 727(c)(1) (2005). Section 101(10) of the Bankruptcy Code defines "creditor" to mean an:

> (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
> (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(h) or 502(i) of this title; or

> (C) entity that has a community claim.

11 U.S.C. § 101(10) (2005). "Claim" is broadly defined to mean a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

11 U.S.C. § 101(5). "By fashioning a single definition of 'claim' in the Code, Congress intended to adopt the broadest available definition of that term." 2 Collier on Bankruptcy ¶ 101.05[1], at 101-39 (15th ed. rev. 2005).

The Consent Judgment is a non-appealable final order entered by the Georgia state court. The parties had a reasonable opportunity to litigate any issues relating to the Linferts' Complaint in the Georgia Litigation. The *Rooker-Feldman*, as articulated by the Eleventh Circuit Court of Appeals in Wood v. Orange County, 715 F. 2d 1543 (1983), and the Full Faith and Credit doctrines prevent this Court from acting in an appellate manner with regards to the Judgment.

The Arbitration Award fully settled all claims submitted or that could have been submitted to arbitration. The Arbitration Award is conclusive, final and binding upon the parties. This Court has no authority to go behind the Arbitration Award. Mr. Demerau is barred by the doctrines of collateral estoppel and res judicata from attempting to amend, rescind, or otherwise alter the Arbitration Award.

If the state court erred in entering the Consent Judgment, if the arbitrator entered the Arbitration Award in error, or if a party was dissatisfied with these results, relief was available to the parties in the Georgia appellate courts of through American Arbitration

Association appellate procedures. Any mistakes in the judgments must be remedied by the Georgia state court pursuant to state court rules of procedure or the American Arbitration Association's rules of procedure.

David M. Linfert, Inc., David M. Linfert f/b/o the David M. Linfert Self-Directed IRA, Jill P. Linfert, and Jill P. Linfert f/b/o the Jill P. Linfert Self-Directed IRA all held a right to payment from Mr. Demerau on the Petition Date. David M. Linfert, Inc. and David M. Linfert f/b/o the David M. Linfert Self-Directed IRA held a right to payment by virtue of the unsatisfied Arbitration Award. Jill P. Linfert, and Jill P. Linfert f/b/o the Jill P. Linfert Self-Directed IRA held a right to payment by virtue of the unsatisfied Consent Judgment.

Such rights to payment constitute claims pursuant to 11 U.S.C. § 101(5). The claimants asserted their rights to payment by filing Claim Nos. 1, 2, and 3. They are creditors of Mr. Demerau pursuant to 11 U.S.C. § 101(10). The Plaintiffs had standing to institute this adversary proceeding pursuant to 11 U.S.C. § 727(c).

*Summary Judgment Standard*

A court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After a movant makes a properly supported summary

judgment motion. the non-moving party must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact. but must come forward with an affirmative showing of evidence. <u>Anderson v. Liberty Lobby. Inc.</u>, 477 U.S. 242, 250, 106 S. Ct. 2505. 91 L. Ed. 2d 202 (1986). A court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. <u>Haves v. City of Miami</u>. 52 F.3d 918. 921 (11th Cir. 1995).

The Debtors have not established they are entitled to judgment as a matter of law. They are not entitled to summary judgment.

Accordingly. it is

**ORDERED, ADJUDGED, AND DECREED** that the Julia Emily Demerau is hereby **DISMISSED** as a defendant in this proceeding: and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Plaintiffs are creditors of the Debtors pursuant to 11 U.S.C. § 101 and have standing to bring this adversary proceeding against the Debtors pursuant to 11 U.S.C. § 727(c)(1).

**ORDERED, ADJUDGED, AND DECREED** that the Debtor's Motion for Summary Judgment is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED, AND DECREED** that a status conference will be held in this adversary proceeding on September 20. 2006 at 10:00 a.m.

Dated this 7th day of September. 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge